

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. B-02-061 |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT BY THE COURT AND RESPONSE TO PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT

Defendant Unum Life Insurance Company of America ("Unum Life") moves pursuant to Fed. R. Civ. P. 55 (c) to set aside the entry of default by the Court on August 14, 2002, and responds to the application for default judgment of Plaintiff Raul Rodriguez ("Plaintiff") and states:

1. **Nature of the Action.** This is a suit to recover disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

2. **Procedural History.** Plaintiff filed this action on March 29, 2002. Service of process was not made upon Unum Life's registered agent, however, until May 13, 2002.

DEFENDANT'S MOTION TO SET ASIDE ENTRY OF
DEFAULT BY THE COURT AND RESPONSE TO PLAINTIFF'S
APPLICATION FOR DEFAULT JUDGMENT - Page 1

The Court scheduled an initial scheduling conference for August 14, 2002, and at that time entered Unum Life's default. However, no default judgment has been entered. Unum Life filed its original answer and counterclaim on August 15, 2002.

     3.   **Grounds to Set Aside Default.** As set forth in the Declaration of Doug K. Butler, which is attached hereto, Unum Life's failure to answer was due to inadvertence or excusable neglect. Unum Life itself promptly upon receiving service of process and notice of the lawsuit forwarded it to Mr. Butler for handling. Mr. Butler promptly prepared an answer and counterclaim and sent the draft to Unum Life for their review. After making the necessary revisions to the answer, Mr. Butler, apparently through a clerical mistake in handling his calendar, failed to forward the original answer and counterclaim for filing with the Court. Further, Unum Life has a meritorious defense to Plaintiff's claims. The sole issue in the case will be whether Unum Life abused its discretion when it determined that Plaintiff was not disabled as defined in the subject employee welfare benefit plan. That review will be limited to the administrative record before Unum Life at the time it made that decision. Unum Life will demonstrate with that administrative record that there was substantial evidence to support its determination. Finally, no undue delay will be visited upon Plaintiff by the Court's setting aside the entry of default. The matter was set for scheduling conference on August 14, 2002 and presumably that would have resulted in a scheduling order allowing the parties at least several months to prepare the case for

DEFENDANT'S MOTION TO SET ASIDE ENTRY OF
DEFAULT BY THE COURT AND RESPONSE TO PLAINTIFF'S
<u>APPLICATION FOR DEFAULT JUDGMENT</u> - Page 2

submission to the Court. Unum Life will abide by any scheduling order entered by the Court in the action and can promptly litigate the matter to conclusion. The administrative record which will be presented to the Court has not been lost or misplaced and can be promptly provided to Plaintiff and his attorney as well as the Court for review at any time. As such, there is no concern that any evidence has been lost, destroyed, or that access to the evidence will be impaired due to the short delay in answering the lawsuit.

    **4.**    **Argument and Authorities.** There is a judicial preference for adjudication on the merits. Johnson, 140 F.3d at 784; Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). When substantial monetary damages are sought, there is a strong public policy, supported by concepts of fairness, in favor of trial on the merits. Swink v. City of Pagedale, 810 F.2d 791, 792 n. 2 (8th Cir. 1987). Hence, where there are no intervening equities, any doubt should be resolved in favor of the movant to the end of securing a trial on the merits. General Tel. Corp. v. General Tele. Answering Service, 277 F.2d 919, 921 (5th Cir. 1960). Indeed, a standard of liberality should be applied even when acting on a motion to set aside a default judgment. Medunic v. Lederer, 533 F.2d 891, 893-94 (4th Cir. 1976).

    Traditionally, in deciding whether to set aside defaults or default judgments, the courts look to whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would

**DEFENDANT'S MOTION TO SET ASIDE ENTRY OF**
**DEFAULT BY THE COURT AND RESPONSE TO PLAINTIFF'S**
**APPLICATION FOR DEFAULT JUDGMENT - Page 3**

be prejudiced if the default were excused. Johnson, 140 F.3d at 784.[1] The burden of showing excuse for relief from the entry of default is not as stringent as that for setting aside a default judgment. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (relief from default judgment requires stronger showing than relief from mere entry of default). Even under the more stringent standard of Rule 60(b)(1), excusable neglect includes late filings caused by inadvertence, mistake or carelessness. Pioneer Investment Services Co. v. Brunswick Assoc., 507 U.S. 380, 394, 113 S. Ct. 1497 (1993); Johnson, 140 F.3d at 784. In all, the considerations are equitable in nature. Under these factors, marginal failures to miss deadlines when there are meritorious defenses and an absence of prejudice warrant relief under Rule 55(c). Johnson, 140 F.3d at 784 (carelessness in not timely answering did not exhibit an intentional flouting or disregard of the court or its procedures). Indeed, when the default is due to the neglect or carelessness of counsel rather than the client, the courts seem even more predisposed to set aside a default so as to not visit the harsh results of a default on the client. See C.A. Wright, A.R. Miller, M.K. Kane, 10A Federal Practice and Procedure Civil, at 111 (West

---

[1]Although the standards for relief from the entry of default and default judgments differ, the factors considered are the same. Therefore, Unum Life will address each of those factors without distinguishing between the relief sought. However, Unum Life notes that it answered before a default judgment was entered. Hence, it would be inappropriate to enter a default judgment at this point.

1998).

Counsel's oversight in failing to timely file the answer and counterclaim is excusable under any of these standards. There was certainly not a flagrant disregard of the need to answer the lawsuit. Indeed, an answer was timely prepared and sent to the client for review. It was revised and prepared for filing. It simply was not timely filed with the district clerk due to some error in maintaining counsel's calendaring or docketing system.

Unum Life has a meritorious defense. Plaintiff himself has plead his claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Unum Life's determination of Plaintiff's claim should be reviewed by this Court only for an abuse of discretion. See Meditrust Financial Services, Corp. v. Sterling Chemicals, 168 F.3d 211, 213 (5th Cir. 1999); Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 101 (5th Cir. 1993); Pierre v. Connecticut General Life Ins. Co., 932 F.2d 1552, 1556 (5th Cir.), cert. denied, 502 U.S. 973 (1991). That review will be limited to the administrative record before Unum Life at the time it made its decision. If there is substantial evidence in that administrative record to support Unum Life's determination, the Court should affirm it. This favorable standard of review and the administrative record, which Unum Life will gladly tender to the Court for its review if the Court desires, give Unum Life a meritorious defense to Plaintiff's claim for benefits.

Finally, Plaintiff will suffer no prejudice should the Court set aside the default. Of course, prejudice does not arise from the fact that setting aside the default will allow the defaulting party to defend the claims. <u>Johnson</u>, 140 F.3d at 785. Rather, prejudice must be more concrete such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. <u>Id.</u>; <u>Berthelsen v. Kane</u>, 907 F.2d 617, 621 (6th Cir. 1990). Since the only relevant evidence is the administrative record and it is readily obtainable, these concerns will not be realized here. Plaintiff will suffer no prejudice.

**5.    Requested Relief.** Unum Life respectfully requests that the Court set aside its August 15, 2002 entry of default and deny Plaintiff's application for default judgment.

Respectfully submitted,

By: _____
Doug K. Butler
State Bar No. 03516050
Dennis M. Lynch
State Bar No. 90001506
Chris A. Barrow
State Bar No. 24031843

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR UNUM LIFE
INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF CONFERENCE

On September 10, 2002, counsel for Unum Life, Doug K. Butler, conferred with counsel for Plaintiff, Richard E. Zayas, regarding this matter.  Agreement could not be reached at that time although the parties continue to talk.  However, due to the urgency of filing this document, Unum Life has filed it with the Court for determination.

_____
Doug K. Butler

**DEFENDANT'S MOTION TO SET ASIDE ENTRY OF
DEFAULT BY THE COURT AND RESPONSE TO PLAINTIFF'S
APPLICATION FOR DEFAULT JUDGMENT - Page 7**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested to Mr. Richard E. Zayas, The Law Firm of Zayas & Zamora, P.C., 3100 E. 14th Street, Brownsville, Texas 78521, on this _10th_ day of September, 2002.

_____
Doug K. Butler

**DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM - Page 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. B-02-061 |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF DOUG K. BUTLER

1.      My name is Doug K. Butler.  I am counsel of record for Defendant Unum

Life Insurance Company of America which I will refer to as Unum Life.  I am over the age

of 18 years and have never been convicted of any crime.  I have personal knowledge of the

facts stated herein and they are true and correct.

2.      On May 20, 2002, my office received by telecopy from Unum Life copies of

the Plaintiff's Original Complaint and summons in this action, together with a service of

process transmittal form indicating that the summons and complaint had been served on

CT Corporation System, Unum Life's registered agent for service of process, on May 13,

2002.  The Unum Life legal department did not, however, receive the papers until May 15,

2002.  From this, I could ascertain that Unum Life had forwarded the lawsuit to me for

handling within one week of the date its registered agent was served with process.

**DECLARATION OF DOUG K. BUTLER - Page 1**

3.     When I receive notice of a new lawsuit, I immediately calculate the time within which responsive pleadings are due. I then enter that deadline on my electronic calendar system which is done through Outlook Express software on my computer. In addition, I will make a notation on the "things to do" list within Outlook of when the answer is due. I am very confident I entered this information with respect to this lawsuit on or about May 20, 2002 when Unum Life telecopied the complaint and summons to me.

4.     On May 28, 2002 I drafted an original answer and counterclaim and telecopied it to Ann Courtney, an in-house attorney with Unum Life to whom this case had been assigned. I noted in my letter that we had until Monday, June 3, 2002 within which to answer the lawsuit. This was, of course, the correct answer date since the 20th day following service fell on Sunday, June 2, 2002. After receiving additional information from Unum Life I recall revising the answer on May 29 or 30.

5.     I cannot explain exactly why the answer was not sent out after the last revisions were made to it. In my opinion, however, what must have happened is that I inadvertently checked the answer off my "things to do" list after making the final revisions and then overlooked following up to ensure that the answer was sent by overnight Federal Express to the Court for filing.

6.     On the afternoon of August 14, 2002 I was reviewing numerous files to check on their status and progress when I noticed that the answer and counterclaim had not been sent to the Court for filing. I immediately got on the Court's website and accessed the

**DECLARATION OF DOUG K. BUTLER - Page 2**

Pacer system. I noticed that the matter had been set for an initial scheduling conference on 2:00 p.m. on that day. Unfortunately, it was past 2:00 p.m. when I accessed the website. However, the website did not show that any default documents had been filed. As such, I immediately sent the answer and counterclaim by overnight Federal Express for filing with the Court. The answer and counterclaim was in fact filed on August 15, 2002.

7.     On August 30, 2002, apparently after receiving the answer and counterclaim, Plaintiff's counsel, Mr. Richard E. Zayas, kindly telecopied to me his request to enter default, entry of default by the Court, the Plaintiff's application for default judgment by the Court, the declaration of Richard E. Zayas in support of the entry of default, and his proposed order granting default judgment. The telecopy was, however, unclear and they were resent on September 9, 2002. As such, I learned that a default had been entered on August 14, 2002.

8.     It is in the interest of justice that the entry of default be set aside pursuant to Fed. R. Civ. P. 55 (c). First, the failure to answer was by no means the fault of Unum Life. Unum Life diligently forwarded the matter to me for handling. I did not disregard the matter but promptly prepared and revised an answer for filing. Through either clerical mistake or oversight, however, I inadvertently failed to follow up to ensure that the answer and counterclaim was filed with the Court after it had been prepared and finalized. As soon as I realized that the answer had not been filed, I sent it by overnight Federal Express to the Court for filing. Through pure happenstance, however, that was the same date the

**DECLARATION OF DOUG K. BUTLER - Page 3**

Court had scheduled an initial scheduling conference and entered the default. As counsel for Unum Life, I appreciate the gravity of this error and certainly did not intend to ignore the deadline for answering nor to put Plaintiff or his counsel to any further burden or expense.

9.      Unum Life has meritorious defenses to Plaintiff's claims. Plaintiff's only claim is under the Employee Retirement Income Security of 1974 ("ERISA"), specifically for benefits under 29 U.S.C. § 1132 (a)(1)(B). As set forth in Unum Life's original answer and counterclaim, the primary issue in the case is whether Plaintiff is disabled. Unum Life determined that he was not disabled and this Court's review of that decision will be limited to determining whether Unum Life abused its discretion based on the administrative record before Unum Life at the time it determined Plaintiff's claim. Because the Court's review is limited in this regard, the case can be promptly presented to the Court. Unum Life stands ready to produce and provide a copy of the administrative record to the Plaintiff and his counsel and to proceed expeditiously to submit the administrative record to the Court together with the briefing necessary to demonstrate why Unum Life contends it did not abuse its discretion when it denied Plaintiff's claim. Given that the Court set the initial scheduling conference on August 14, 2002 and a scheduling order would have been entered presumably giving the parties at least several months within which to prepare the case for submission to the Court and this motion is promptly filed, the parties will have sufficient time to prepare the case for presentation to the Court.

**DECLARATION OF DOUG K. BUTLER - Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 10th day of September, 2002.

_____
Doug K. Butler

**<u>DECLARATION OF DOUG K. BUTLER - Page 5</u>**