United States District Court
Southern District of Texas
FILED

SEP 3 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-02-061 |
| | § | |
| UNUM LIFE INSURANCE | § | JURY |
| OF AMERICA | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
SET ASIDE ENTRY OF DEFAULT BY THE COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, RAUL RODRIGUEZ, and files his Response to Defendant's Motion to Set Aside Entry of Default By the Court and in support thereof would show unto the Court the following:

PROCEDURAL HISTORY

1. Plaintiff filed this action on March 29, 2002.

2. Defendant, UNUM LIFE INSURANCE OF AMERICA (hereinafter "UNUM"), was served with process on May 13, 2002.

3. The Court set an Initial Pretrial and Scheduling Conference for August 14, 2002 at 2:00 p.m. When Plaintiff failed to receive a response from Defendant before the scheduled conference, Plaintiff filed a Request to Enter Default and the Court granted said request and signed an Entry of Default on August 14, 2002. Thereafter, UNUM filed an answer and counterclaim on August 15, 2002 and filed a Motion to Set Aside Entry of Default By the Court on September 11, 2002.

ARGUMENT AND AUTHORITIES

4. The decision to set aside an entry of default is within the sound discretion of the Court.

Rogers v. Hartford Life and Accident Insurance Company, 167 F. 3d 933, 939 (5th Cir. 1999) citing Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). Rule 55(c) of the Federal Rules of Civil Procedure states "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The Courts have been directed to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): "(1) the extent of prejudice to the Plaintiff; (2) the merits of the Defendant's asserted defense; and (3) the culpability of the Defendant's conduct." Rogers, 167 F.3d 933 at 938, 939 citing Hibernia, 776 F.2d 1277 at 1280 and Amberg v. FDIC, 934 F.2d 681, 686 (5th Cir. 1991).

5.  Defendant UNUM, in its motion, argues that the entry of default by this Court should be set aside because of excusable neglect from late filings caused by inadvertence, mistake or carelessness. Specifically, UNUM argues that their "excusable neglect" that led to not timely filing with the District Clerk was due to some error in maintaining counsel's calendaring or docketing system. Defense Counsel in his affidavit states that he telecopied an original answer and counterclaim to Ann Courtney, an in-house attorney with defendant UNUM, on May 28, 2002 with a letter stating they had until June 3, 2002 to answer.

Although, there may have been some neglect in answering this suit timely, said neglect was not "excusable;" the Defendant has the burden to convince the Court that its neglect was excusable. Rogers, at 939 citing Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975). UNUM had the duty to have "some system of checking up on process to see that it has in fact reached its destination and that action is being taken." Rogers, at 939 citing Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir. 1987). Since in-house counsel for UNUM failed to establish "minimum internal procedural

safeguards" and did nothing to ensure "action was being taken" with regards to this lawsuit, said neglect is not "excusable" and therefore Defendant's motion to Set Aside Entry of Default should be denied. Rogers, at 939.

6. Next, UNUM argues that it has a meritorious defense without providing any evidence of its defense. Since there is no evidence before the Court to support UNUM's meritorious defense, the Court should disregard this argument as nothing more than a self serving statement.

7. Finally, Defendant UNUM argues that the Plaintiff will suffer no prejudice. As stated in the Declaration of Richard E. Zayas in Support of Entry of Default attached to Plaintiff's Application for Default Judgment previously filed in this suit, Plaintiff's lost income benefits in the past as of August 14, 2002 was approximately $46,816.00. Plaintiff has had to endure without receiving his benefits since June 13, 2000, any further delays in these proceedings would highly prejudice the Plaintiff. Furthermore, Plaintiff has incurred attorney's fees in filing the Request To Enter Default, the Application for Default Judgment By The Court and in this Response To Defendant's Motion to Set Aside Entry of Default; any further proceedings would require Plaintiff to incur more attorney's fees for no fault of his own doing. Therefore, Defendant's motion to Set Aside Entry of Default should be denied and Plaintiff should be allowed to go forward with his default judgment hearing.

8. WHEREFORE, Plaintiff prays that this Court deny Defendant's Motion to Set Aside Entry of Default and allow Plaintiff to proceed with his default judgment hearing. In the alternative, if the Court grants Defendant's motion, Plaintiff prays for reimbursement of reasonable attorney's fees incurred in filing the Request To Enter Default, the Application For Default Judgment By The Court and in this Response To Defendant's Motion to Set Aside Entry of Default.

         Respectfully submitted,

         THE LAW FIRM OF RICHARD E. ZAYAS
         3100 E. 14th St.
         Brownsville, Texas 78521
         (956) 546-5060 Telephone
         (956) 541-4157 Telecopier

By:     _____
         RICHARD E. ZAYAS
         State Bar No. 00788744
         Federal Bar No. 16852
         Attorney for Plaintiff
         RAUL RODRIGUEZ

## **CERTIFICATE OF SERVICE**

I certify that I mailed a copy of the foregoing instrument by U.S. Mail and via facsimile to Defendant's attorney of record on the 30th day of September, 2002 to:

Doug K. Butler
Dennis M. Lynch
Figari Davenport & Graves, L.L.P.
901 Main Street, LB 125
Dallas, Texas 75202-3796

*and via facsimile #(214)939-2090*

_____
RICHARD E. ZAYAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-02-061 |
| | § | |
| UNUM LIFE INSURANCE | § | JURY |
| OF AMERICA | § | |

**ORDER DENYING DEFENDANT'S MOTION TO
SET ASIDE ENTRY OF DEFAULT AND ORDER SETTING HEARING
ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**

Defendant Unum Life Insurance Company of America has filed its motion to set aside the Court's August 14, 2002 entry of default and response to Plaintiff's application for default judgment. After considering the motion, the response, the applicable law and the pleadings on file, the Court is of the opinion that said motion should be **denied.**

It is therefore ORDERED that Defendant Unum Life Insurance Company of America's motion to set aside the Court's August 14, 2002 entry of default is hereby **denied**.

It is further ORDERED that Plaintiff's Application For Default Judgment By The Court is hereby set for hearing on the _____ day of _____, 2002 at _____, ___.m. before:

    The Honorable Judge Andrew Hanen
    United States District Judge
    Third Floor, Courtroom No. 4
    United States Federal Courthouse
    600 E. Harrison Street
    Brownsville, Texas

    SIGNED this _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE